UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

TARA GONZALEZ, a/k/a
TARA SALOME GONZALEZ,
a/k/a TARA HARRISON, a/k/a
TARA GONZALEZ-HARRISON,

                                  Debtor.

Case No.: 15-74657-reg
Chapter 7

------------------------------------------------------------x
ALLAN B. MENDELSOHN as Trustee of the
Estate of Tara Gonzalez, a/k/a
Tara Salome Gonzalez, a/k/a Tara Harrison, a/k/a
Tara Gonzalez-Harrison,

                                 Plaintiff,

   -against-

TARA GONZALEZ, a/k/a
TARA SALOME GONZALEZ, a/k/a
TARA HARRISON, a/k/a
TARA GONZALEZ-HARRISON,

                                 Defendant.
------------------------------------------------------------x

Adv. Pro. No.: 16-08037

## MEMORANDUM DECISION

In this adversary proceeding, the Trustee seeks turnover of a monetary bonus (the "Bonus") the Debtor received post-petition from her employer Goldman Sachs & Co. ("Goldman"). The facts are undisputed and each party seeks judgment in their favor as a matter of law under 11 U.S.C. §§ 541(a), 727(a)(4)(A), 727(a)(2)(B), and 727(a)(4)(D); Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056. The Trustee argues that despite the fact that the Bonus was paid at Goldman's sole discretion the Debtor nevertheless had as of the petition date a "contingent right" to receive the Bonus which was "sufficiently rooted" in the pre-petition period so that the Bonus if and when paid became property of the estate subject to turnover. Assuming the Bonus is

found to be property of the estate, the Trustee seeks to deny the Debtor's discharge due to her failure to disclose her right to the Bonus in her petition and schedules ("Petition").

The Debtor argues because the payment of the Bonus was at the sole discretion of Goldman and she had no right to compel Goldman to pay the Bonus, there existed no enforceable interest or property rights with the respect to the Bonus that could be transferred to the estate on the date she filed her Petition. Based upon that analysis her failure to disclose the Bonus in her Petition was rooted in her good faith belief that the Bonus was not property of the estate and therefore there was no obligation to disclose it and no basis to deny her discharge.

The Court finds for the Debtor. Under New York law, an employee has no actionable right to collect a discretionary bonus before it is paid. *See, e.g.*, *Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 223-24 (N.Y. 2000) (finding that discretionary bonuses fall outside the definition of "wages" under, and therefore outside the protections of, New York Labor law); *Kaplan v. Capital Co. of America*, 298 A.D.2d 110 (N.Y. App. Div. 2002). Because the pre-petition Debtor had no right to demand payment of the Bonus at the time of the bankruptcy filing, there existed no legal or equitable rights to transfer to the estate and the Bonus, subsequently paid, did not become property of the estate subject to turnover to the Trustee. *See In re Ross*, 548 B.R. 632, 635 (Bankr. E.D.N.Y. 2016). Although the Trustee is correct that a debtor's rights on the date of the bankruptcy filing, even those which are subject to a contingency, are included in property of the estate, the Debtor here did not have a contingent interest in the Bonus. On the date of the filing, the Debtor here possessed only a bare expectation of receiving the bonus at the employer's sole discretion. That bare expectation was not a contingent interest.

For these reasons and as more fully explained below, the Court will grant summary judgment to the Debtor finding that the Bonus is not property of the estate.

## FACTS AND PROCEDURAL HISTORY

The Debtor is an employee of Goldman. Goldman's employment policy includes a policy on the payment of bonuses. It states, in relevant part:

> The firm may grant you a performance-based discretionary bonus at fiscal year-end . . . Employees . . . generally are eligible for a discretionary bonus if they maintain active, full-time . . . employment through the respective fiscal year-end. Prorated bonuses will not be paid to employees who leave the firm for any reason prior to the end of the fiscal year. ***Bonuses are paid at the discretion of the firm and should not be considered part of your salary, even if paid consistently over a period of years.*** Compensation, including discretionary bonuses, is influenced by, among other things, the employee's performance, his or her anticipated contributions, and the firm's results.

Pl's Motion for Summary Judgment, ECF No. 6, Ex. B (emphasis added).

The Debtor filed the Petition on October 30, 2015. The Debtor's Petition did not reference the potential bonus. When questioned by the Trustee at the § 341 meeting the Debtor testified that she had not yet received a bonus from Goldman, but she would advise the Trustee if she did.

On January 27, 2016, the Trustee, believing that the Debtor was not being forthcoming about her receipt of the Bonus, moved before this Court for an entry of an Order pursuant to Rule 2004 of the Bankruptcy Rules directing Goldman to produce documents regarding the Bonus. On January 30, 2016, this Court issued an Order which the Trustee served upon Goldman directing Goldman to produce records regarding the payments of any bonus to the Debtor.

On or about February 22, 2016, Goldman produced to the Trustee a copy of an "Earnings Statement" dated January 26, 2016, which indicated that the Debtor received the gross sum of $24,400.00 as a Bonus.

The Trustee made a demand upon the Debtor to turn over the Bonus, which the Debtor refused to do, claiming that the Bonus is not property of the estate.

On March 15, 2016, the Trustee commenced this adversary proceeding against the Debtor seeking turnover of the Bonus and denial of the Debtor's discharge.

On April 13, 2016, the Debtor filed an answer to the Complaint.

On May 5, 2016, the Trustee filed a Motion for Summary Judgment asking this Court to find as a matter of law that the Bonus is property of the estate, and that the Debtor's failure to disclose her right to the Bonus warrants a denial of the Debtor's discharge under §727 of the Bankruptcy Code.

On June 9, 2016, the Debtor filed a Cross Motion for Summary Judgment seeking judgment in her favor as a matter of law that the Bonus is not property of the estate, and that the Debtor's failure to disclose her right to the Bonus does not warrant a denial of Debtor's discharge.

On June 27, 2016, this Court held a hearing on the motions for summary judgment and the matter was deemed submitted.

## DISCUSSION

**I.    Standard for Summary Judgment.**

Rule 56 of the Federal Rules of Civil Procedure states that summary judgment is appropriate, "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056. On the issue of whether the Bonus is property of the estate, the parties agree on the material facts. Thus the Court finds that there are no material facts in dispute and this matter is ripe for determination as a matter of law.

## II.     Property of the Estate under 11 U.S.C. § 541.

Upon the filing of a chapter 7 petition, a bankruptcy estate is created which includes "all legal or equitable interests of the debtor in property *as of the commencement of the case*." 11 U.S.C. § 541(a)(1) (emphasis added). Property of the estate generally does not include property acquired by a debtor after the filing of the case[1], and expressly excludes "earnings from services performed by an individual debtor after the commencement of the case." 11 U.S.C. § 541(a)(6). Despite the broad scope of § 541(a) it "'is not intended to expand the debtor's rights against others more than they exist at the commencement of the case.'" *Sharp v. Dery*, 253 B.R. 204, 209 (E.D. Mich. 2000) (quoting H.R. Rep. 95-595, at 367 (1977), U.S. Code Cong. & Admin. News 5963, at 6323 (1977); S. Rep. No. 95-989, at 82 (1978), U.S. Code Cong. & Admin. News 5787, at 6043 (1978)). A trustee takes no greater rights than the debtor had on the date of filing the petition. *Id.* Although federal law determines whether a debtor's interest in property is

---

[1]     Property of the estate does include certain after-acquired property. Section 541(a)(5) includes in property of the estate:

> Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date –
> (A) by bequest, devise, or inheritance;
> (B) as a result of a a property settlement agreement with the debtor's spouse, or of an interlocutory of final divorce decree; or
> (C) as a beneficiary of a life insurance policy or of a death benefit plan."

5

property of the bankruptcy estate, rights and property interests are created and defined by state law. *Butner v. United States,* 440 U.S. 48, 55 (1979).

The line between pre-petition property of the estate, and post-petition property of the debtor is not always clear. For example, in *Segal v. Rochelle,* 382 U.S. 375, 379 (1966), the Supreme Court held that a pre-petition interest in property which may be contingent on various factors, or the enjoyment of which may be postponed, is *not* outside the reach of property of the estate. *Id.* In *Segal,* the Court found that property received by a debtor after the filing of a bankruptcy may be considered to be property of the estate if the right to such property is "sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupts' ability to make an unencumbered fresh start that it should be regarded as 'property' [of the estate]." *Segal,* 382 U.S. at 380.[2] The Court found that a tax refund received by the debtor post-petition for a pre-petition tax year is included in property of the estate because the debtor had an interest in the refund as of the petition date and it was only the passage of time that determined the debtor's receipt of those funds.

However, if no "right" exists pre-petition, contingent or otherwise, then there exists no "right" to pass to the bankruptcy trustee such that the proceeds of that right would become property of the estate. In the matter of *In re Ross*, this Court held that tort settlement proceeds a debtor received post-petition in connection with a medical device implanted in her pre-petition, but which did not cause injury to her, were not property of the estate. *In re Ross*, 548 B.R. 632

---

[2]   *But see Tyler v. DH Capital Management, Inc.*, 736 F.3d 455, 462 (6th Cir. 2013) (citing *Burgess v. Sikes (In re Burgess)*, 438 F.3d 493, 498 (5th Cir. 2006) (en banc), and *Bracewell v. Kelley (In re Bracewell)*, 454 F.3d 1234, 1242 (11th Cir. 2006), which question whether the parameters set out in *Segal* survived passage of the 1978 Bankruptcy Code). Although the answer will not determine the outcome of the instant case, this Court also questions whether the "standard" set out in *Segal* survived the enactment of §541 of the Bankruptcy Code.

(Bankr. E.D.N.Y. 2016). This Court held that ". . . the proper focus is on whether there was a viable cause of action the Debtor could bring under applicable law on the date the petition was filed. If an action existed, . . ., then that cause of action and all its proceeds would constitute property of the estate." *Ross*, 548 B.R. at 635. *But see Booth v. Vaughan (In re Booth)*, 260 B.R. 281, 290 (B.A.P. 6th Cir. 2001) ("Focusing on whether the debtor had an 'enforceable' contract right when the petition was filed would exclude *all* contingent interest from the bankruptcy estate, because by definition, a contingent interest is not 'enforceable' until the contingency is met"). In *Ross*, "[b]ecause the elements necessary to commence an action under state law were not present as of the date of the petition [i.e., there was no injury to the debtor], the right to receive the settlement proceeds [were] not sufficiently rooted in the debtor's pre-petition past to warrant inclusion of the settlement proceeds in the debtor's bankruptcy estate." *Ross*, 548 B.R. at 635.

In this case, the Trustee argues that the elements necessary to the Debtor's right to collect the Bonus existed at the time the Debtor filed the Petition, subject only to the contingency that the Bonus be paid. Although the Court agrees with the notion that contingent rights which exist on the petition date but which do not ripen until the post-petition occurrence of the contingency, would become property of the estate, *see In re Booth, infra*, the Court disagrees with the notion that the exercise of discretion by a third party can be equated with a contingency. In this case the Debtor did not have a "contingent right." In fact, she had no "right" at all, but merely an expectation of payment if her employer chose to exercise its discretion. The case of *Seaver v. Klein-Swanson (In re Klein-Swanson)*, 488 B.R. 628 (B.A.P. 8th Cir. 2013), illustrates this point. In that case, the bankruptcy appellate panel held that a bonus paid to a debtor post-petition was not property of the estate because the debtor had no enforceable rights to the bonus under

7

Minnesota law on the date the debtor's petition was filed. In *Klein-Swanson*, as is the case here, the bonus was paid entirely at the debtor's employer's discretion. The trustee there argued, to no avail, that the debtor had a contingent interest in the discretionary bonus which is properly included in property of the estate. The court found that the debtor had "nothing more than a hope or expectation that she would receive the payments" and as such the debtor had a "contingent interest in nothing." *Klein-Swanson*, 488 B.R. at 633.

In the end, it is New York law which determines the Debtor's property rights in this case, and New York law is clear that an employee has no legally enforceable right to a discretionary employment bonus. *See Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 223-24 (N.Y. 2000) (finding that discretionary bonuses fall outside the definition of "wages" under, and therefore outside the protections of, New York Labor law); *Kaplan v. Capital Co. of America*, 298 A.D.2d 110 (N.Y. App. Div. 2002).

Therefore, this Court agrees with those courts which have held that a discretionary bonus paid to a debtor by an employer post-petition is *not* property of the estate. *See, e.g.*, *Lewis v. Chappo (In re Chappo)*, 257 B.R. 852, 854-55 (E.D. Mich. 2001); *Sharp v. Dery*, 253 B.R. 204 (E.D. Mich. 2000); *Seaver v. Klein-Swanson (In re Klein-Swanson)*, 488 B.R. 628 (B.A.P. 8th Cir. 2013); *see also In re Lapi*, No. 04-35831-BKC-PGH, 2005 WL 3199022 at (Bankr. S.D. Fla. 2005); *Vogel v. Palmer (In re Palmer)*, 57 B.R. 332 (Bankr. W.D. Va. 1986) (finding discretionary bonus not to be property of the estate and stating "one of the most important factors in this case is that the Debtor was not entitled to receive the bonus until the [employer] made such a determination.").

The resolution of the instant case highlights the need for courts to recognize that there is a fundamental difference between a debtor having an expectation of receiving a bonus payment

and a debtor having a legally enforceable right to receive such payment. The critical question here is whether under applicable state law on the date of the bankruptcy filing the debtor possessed a right to demand payment – whether on the petition date or some date in the future on the happening of a specific and defined contingency. That claim is a property right that would become estate property upon filing of a bankruptcy petition. However, if a debtor at the time of filing her petition has a bare expectation and hope of receiving a bonus payment then there is no property right to become property of the estate, even if that hope or expectation is ultimately realized. The fact that the bonus was tied to the Debtor's continued employment or even the Debtor's job performance is not dispositive. The critical issue is whether having achieved certain standards the Debtor was legally entitled to payment. If the employment agreement, as in this case, makes the payment solely at the discretion of the employer, then the Debtor has no legal or equitable right to be transferred to her estate.

### III.     Denial of Discharge under 11 U.S.C. § 727

From a finding that the Bonus is not property of the estate, it flows that the Debtor's discharge should not be denied under §§ 727(a)(2)(B) (failure to turn over property of the estate), and 727(a)(4)(A) (false oath or account for failing to disclose the Bonus) because those causes of action are predicated upon a finding that the Bonus is property of the estate. Summary judgment will be entered in favor of the Debtor on those causes of action.

The Trustee also seeks to deny the Debtor's discharge pursuant to § 727(a)(4)(D) on the basis that she refused to provide the Trustee with documents regarding the Bonus. The Debtor argues that she did not give the Trustee the documents requested because she did not know

whether she would be receiving the Bonus at the time of her § 341 meeting, and that she informed the Trustee that she would hand over all the documents in January if she received the Bonus. The Debtor further argues that her attorney contacted the Trustee's attorney in early January 2016, and promised to hand over all the documents regarding the Bonus, if the Debtor received it at the end of January 2016.

Whether in fact the Debtor withheld documents and did so with fraudulent intent under § 727(a)(4)(D) are disputed questions of fact which this Court cannot resolve on summary judgment. The Court therefore denies both the Trustee's and Debtor's motions for summary judgment with regards to the §727(a)(4)(D) claims.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Bonus is not property of the estate under §541(a), and will grant summary judgment to the Debtor on the first, second and third causes of action alleged of the Complaint. This matter is restored to the Court's calendar on November 7, 2016 at 9:30 a.m., for consideration of the fourth cause of action pursuant to § 727(a)(4)(D).



Dated: Central Islip, New York  
September 30, 2016

**Robert E. Grossman**  
**United States Bankruptcy Judge**